IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST COX,

        Plaintiff,                    No. CIV S-11-1217 GGH P

    vs.

T. NORTH, et al.,

        Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will be assessed an initial filing fee of $8.00.  28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief
2 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
3 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
6 U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14    A complaint must contain more than a "formulaic recitation of the elements of a
15 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
16 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
17 "The pleading must contain something more...than...a statement of facts that merely creates a
18 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
19 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
20 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
21 v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A
22 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
23 the reasonable inference that the defendant is liable for the misconduct alleged." Id.

24    In reviewing a complaint under this standard, the court must accept as true the
25 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff raises an equal protection claim that he was not hired to a prison job due to his race. Plaintiff wished to work as recreational aide, and a non-defendant prison employee stated that plaintiff would be placed on the waiting list and it would improve his chances if he volunteered part time, so plaintiff volunteered. Plaintiff believes that his prison record and prison work experience were well suited to the position. Plaintiff was told by a non-defendant that defendant North, who was doing the hiring, had to hire an African American. Plaintiff told defendant North that she needed to hire an African American, but North responded that there was no such obligation. A white prisoner was eventually hired. Other non-defendants informed plaintiff that there was no reason stated why he was not hired other than defendants did not have to hire an African American.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382 (1982)). When challenging his treatment with regard to other prisoners, a prisoner must show that his treatment is invidiously dissimilar to that received by other inmates. Johnson v. California, 543 U.S. 499, 511 125 S.Ct. 1141 (2005).

Plaintiff has failed to set forth sufficient facts that he was not hired due to his race. Simply hiring a white prisoner does not state a cognizable equal protection claim, nor does a defendant stating she is not compelled to hire an African American state such a claim. Plaintiff's allegations are based on statements from other non-defendants, which fails to state a claim for relief that is plausible on its face. See Iqbal.

Plaintiff's complaint is dismissed, but he may file an amended complaint within 28 days of service of this order. Failure to file an amended complaint will result in a

1  recommendation that this action be dismissed.

2      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
3  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
4  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
5  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
6  there is some affirmative link or connection between a defendant's actions and the claimed
7  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
8  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
9  vague and conclusory allegations of official participation in civil rights violations are not
10 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11     In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
13 amended complaint be complete in itself without reference to any prior pleading.  This is
14 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
15 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
16 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
17 original complaint, each claim and the involvement of each defendant must be sufficiently
18 alleged.

19     In accordance with the above, IT IS HEREBY ORDERED that:

20     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
22 Plaintiff will be assessed an initial filing fee of $8.00.  All fees shall be collected and paid in
23 accordance with this court's order to the Director of the California Department of Corrections
24 and Rehabilitation filed concurrently herewith.

25     3.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave
26 to file an amended complaint within twenty-eight days from the date of service of this Order.

1  Failure to file an amended complaint will result in a recommendation that this action be
2  dismissed.
3  DATED: June 6, 2011

   /s/ Gregory G. Hollows
   _____
   GREGORY G. HOLLOWS
   UNITED STATES MAGISTRATE JUDGE

GGH: AB
cox1217.b